# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### BRYSON CITY DIVISION
#### 2:05CR210

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **RICKY EUGENE BLACKWELL,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, Dennis L. Howell, United States Magistrate Judge for the Western District of North Carolina, upon a violation report filed in the above entitled cause on September 26, 2005 by the United States Probation Office. In the violation report the United States Probation Office alleged that the defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, attorney Donald M. Patten, and that the Government was present through Assistant United States Attorney, Corey Ellis, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, admitted the allegations contained in the violation report that had been filed on September 26, 2005. The Government introduced, without objection, the violation report into evidence. The defendant was charged in a bill of indictment filed on July 25th in count one of counterfeiting currency of the United States and in count two with possession of forged security of the United States, that being checks of the United States Treasury. A hearing was held in regard to detention of the defendant on August

26, 2005.  On that date, the undersigned entered an order releasing the defendant on a $20,000.00 unsecured bond.  The undersigned further set conditions of release which included the following:

(2)     That the defendant shall immediately advise the court, defense counsel and the U.S. Attorney in writing before any change in address and telephone number.

(4)     The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

(7)(h)  That the defendant shall travel only in the Western District of North Carolina or travel as approved by the Office of Probation and Pretrial Services.

On September 16, 2005 a hearing was scheduled whereby the defendant was to appear for a Rule 11 proceeding.  The defendant did not appear at that session of court and a warrant for his arrest was issued.  The defendant was later found in the state of South Carolina and was arrested pursuant to the warrant that had been issued and the defendant was transferred back to the Western District of North Carolina for further proceedings.

**Discussion**.  18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

(1)     finds that there is----
        (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
        (B) clear and convincing evidence that the person has violated any other condition of release; and
(2)     finds that ---
        (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
        (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition

or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds that there is clear and convincing evidence that the defendant has violated a condition of release. The defendant failed to immediately advise the court, his defense counsel and the U.S. Attorney in writing before there was a change in his address and telephone number. The defendant failed to appear at his Rule 11 proceeding and the defendant traveled outside the Western District of North Carolina without that travel being approved by the Office of Probation and Pretrial Services. The undersigned has further considered the factors as set forth under 18 U.S.C. § 3142(g). Based upon the acts of the defendant and absconding from jurisdiction it appears there is no condition or combination of conditions that would assure that the defendant would not flee and it further appears that the defendant is unlikely to abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

IT IS THEREFORE **ORDERED** th**a**t the unsecured bond and the terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that the defendant be detained pending sentencing and further proceedings in this matter.

**Signed: November 28, 2005**

Dennis L. Howell
United States Magistrate Judge